UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-cr-20715-RAR/Becerra

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERNESTO MARTIN

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

**THIS CAUSE** came before the Court on Defendant Ernesto Martin's Motion to Reduce Sentence Pursuant to the First Step Act (the "Motion").[1] ECF No. [253]. Defendant later clarified that despite the title of his Motion, Defendant is not seeking a sentence reduction under the First Step Act of 2018 but, rather, pursuant to 18 U.S.C. § 3582(c)(2). The United States of America (the "Government") filed a Response to the Motion, ECF No. [254], and Defendant filed a Reply. ECF No. [259]. Upon due consideration of the Motion, the pertinent portions of the record and the relevant legal authorities, for the reasons explained below, it is hereby **RECOMMENDED** that the Motion be **DENIED**.

**I.  BACKGROUND**

In 2007, Defendant was charged by Indictment with conspiracy to distribute five (5) kilograms of cocaine or more in violation of Title 21 United States Code § 846, and possession with intent to distribute five (5) kilograms of cocaine or more in violation of Title 21 United States

---

[1] This matter was referred to the undersigned by the Honorable Rodolfo A. Ruiz, II, United States District Judge. ECF No. [260].

Code § 841(a). ECF No. [25]. In 2008, Defendant pleaded guilty to both counts, and the Court sentenced him to eighteen years' imprisonment. ECF Nos. [126], [167], [181]. Defendant filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. ECF Nos. [174], [206].

After Defendant's sentencing, the Drug Quantity Table (U.S.S.G. § 2D1.1) was retroactively amended to provide for a 2-level reduction in the base offense level for most drug trafficking offenses. *See* U.S.S.G. App. C, Amend. 782 and 788 (2014). In light of this change, on December 13, 2016, Defendant filed a *pro se* Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582. ECF No. [233]. Defendant sought a reduction from 216 months' imprisonment to 151 months' imprisonment pursuant to § 3582(c)(2). After full briefing, United States District Judge Federico A. Moreno denied Defendant's Motion, explaining that "[t]he Court recognizes that it has the discretion to reduce the defendant's 216-month sentence. However, the defendant's past criminal record, violent incidents, the nature of the offense and the need to protect the public are good reasons to deny the reduction." ECF No. [236]. Defendant filed a Motion for Reconsideration, which Judge Moreno denied. ECF Nos. [237], [238]. More than five (5) years later, the instant Motion followed. ECF No. [253].

Defendant, now represented by counsel, has filed another Motion to Reduce Sentence, again seeking to reduce his sentence to 151 months' imprisonment on the same basis asserted in his prior, unsuccessful motion; that is, reliance on Section 3582(c)(2) to apply the Sentencing Commission's retroactive 2-level reduction to the Drug Quantity Table. *Id*. Defendant argues that the Court should exercise its discretion to apply this retroactive amendment for the following reasons: (i) Defendant obtained his GED while incarcerated and completed several educational courses; (ii) Defendant completed an anger management course and is "remorseful for the assault"

2

that he committed while incarcerated;[2] (iii) Defendant was convicted for that assault and sentenced to 58 months' imprisonment to run consecutively to his current sentence, meaning that Defendant "still would serve a significant double digit prison sentence" even if his Motion is granted, (iv) Defendant is under a detainer hold from Immigration, Customs and Enforcement ("ICE"), such that he would be transferred to ICE's custody upon release and "could be held indefinitely in a legal purgatory, or even removed back to Cuba," (v) reductions in sentence are frequently granted to defendants sentenced for drug crimes in 2008, the year in which Defendant was sentenced, and (vi) Defendant is at low risk of recidivism because he "will [be] almost 60 when he's released." *Id*. at 3-5.

The Government opposes the Motion. ECF No. [254]. The Government argues that the Court should refuse to consider the Motion because it already twice denied the same relief that Defendant seeks, and thus, Defendant improperly seeks reconsideration of the Court's prior rulings. *Id*. at 3. The Government further argues that even if the Court considers the Motion, Defendant has failed to demonstrate that the factors set forth in Title 18 United States Code § 3553(a) support the requested reduction. *Id*. at 3-4. In particular, the Government points to Defendant's violent criminal history and his disciplinary record while incarcerated, which includes the assault mentioned above, assaulting another inmate with a "lock in a sock," and possession of dangerous weapons. *Id*. at 4. Notably, Defendant does not dispute these facts. ECF No. [259] at 1. Rather, Defendant argues that the Government's reliance on "[Defendant's] three fights in prison since 2007 as a reason to deny any reduction at all" is misplaced because it "does not acknowledge any of the positive achievements [Defendant] has achieved while serving his long sentence …." *Id*.

---

[2] ECF No. [254-1] at 4.

3

## II.	ANALYSIS

Title 18, United States Code, Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2).  Section 3553(a), in turn, sets forth the factors to be considered in imposing a sentence, including (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established"; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a)(1)–(7).

The Motion is without merit.  The Court has already twice denied Defendant's request for a sentence reduction.  As mentioned, in 2016, the Court denied Defendant's motion to reduce his sentence under Section 3582(c)(2) based upon the Sentencing Commission's retroactive 2-level reduction to the Drug Quantity Table.  ECF No. [236].  Defendant filed a motion for reconsideration of that Order, which the Court denied.  ECF No. [238].  The instant Motion is merely a repackaged version of Defendant's initial Motion to Reduce Sentence.

4

To the extent that Defendant is asking the Court to reconsider its prior Orders denying his requests for a sentence reduction, Defendant has failed to show that reconsideration is warranted. The Eleventh Circuit recently reiterated that "a motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure."[3] *United States v. Martinez*, No. 20-12971, 2021 WL 2878823, at *1 (11th Cir. July 9, 2021) (citing *United States v. Vicaria*, 963 F.2d 1412, 1413 (11th Cir. 1992). Further, the Eleventh Circuit has stated that "Federal Rule of Civil Procedure 60(b), [which] which provides that the 'court may relieve a party . . . from a final judgment, order, or proceeding' for a number of reasons . . . does not provide for relief from a judgment in a criminal case." *United States v. Blanco*, 632 F. App'x 549, 551 (11th Cir. 2015) (citing *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)). Even if the Court could apply the standard for reconsideration utilized in civil cases, the law is clear that "a party cannot use a motion for reconsideration to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Martinez*, 2021 WL 2878823 at *1 (citation omitted). The Motion does not present any new evidence or argument that was unavailable at the time of the Court's previous rulings. For these reasons, to the extent that the Court construes the instant Motion as a motion for reconsideration, it should be denied.

Defendant asserts that the instant Motion is a permissible, however, as a successive Section 3582(c)(2) motion, relying upon *United States v. Carballo-Martinez*, 866 F.3d 1233 (11th Cir. 2017). ECF No. [259] at 1. In *Carballo-Martinez*, the Eleventh Circuit held that where a district court denies a Section 3582(c)(2) motion on the merits, the court has jurisdiction to consider a

---

[3] The undersigned notes that Rule 35(a) of the Federal Rules of Criminal Procedure permits courts to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing. Fed. R. Crim. P. 35(a). The Motion does not satisfy any of these criteria.

successive Section 3582(c)(2) motion based upon the same Guidelines amendment.  *Id*. at 1246-47.  The Eleventh Circuit was careful to point out that its decision did not address whether successive Section 3582(c)(2) motions might be barred by non-jurisdictional restrictions, such as an "implied prohibition of motions for reconsideration of a prior denial of a § 3582(c)(2) motion," which some sister Circuits recognize and which the Government argues here.  *Id*. at 1247.  However, the Eleventh Circuit did not reach this issue because "the government has not asked that we construe [Defendant's] renewed § 3582(c)(2) motion as a motion for reconsideration." *Id*.

Accordingly, the Court construes the Motion as a successive, permissible Section 3582(c)(2) motion and concludes that, on the merits, denial is still appropriate. A defendant seeking a reduction in sentence under Section 3582(c)(2) must demonstrate that the factors set forth in Section 3553(a) are satisfied. *See* 18 U.S.C. § 3582(c)(2).  Those factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established"; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *See* 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(1)–(7).  The Motion makes no mention of the Section 3553(a) factors.  Indeed, Defendant fails to explain which, if any, of these factors are satisfied by the reasons that he offers in the Motion, and the correlation is far from clear.

Importantly, Defendant makes no attempt to address the reasons the Court provided when denying his first Motion for a Reduction of Sentence—namely, "the defendant's past criminal record, violent incidents, the nature of the offense and the need to protect the public …." ECF No. [236]. Rather than demonstrate that these concerns are no longer warranted, the record reflects that the Court's concerns were—and remain—well-founded. It is undisputed that Defendant, while incarcerated, engaged in three violent assaults—one of which resulted in a 58-month prison sentence that he will serve consecutive to the sentence in this case—and possession of dangerous weapons. ECF No. [254-1]. Defendant's response, that the Court should nonetheless reduce his sentence because these incidents "do not acknowledge any of the positive achievements [Defendant] has achieved while serving his long sentence," ECF No. [259] at 1, is unpersuasive. Accordingly, to the extent that the Court construes the Motion as a successive Section 3582(c)(2) motion, the Motion should be denied because Defendant has failed to show that the Section 3553(a) factors support his release.

### III.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion to Reduce Sentence, ECF No. [253] be **DENIED**.

### IV.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on December 11, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**